52 F.3d 333
 1995-1 Trade Cases P 70,960
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David HEDGECOCK, Plaintiff,
and
William Roden, as Trustee of Ernest M. Still Trust; Roden
Farms, a General Partnership; Cal Farm Invest, Inc.;
Chandler's Palos Verdes Sand and Gravel, a corporation;
Santa Fe Energy Resources, Inc., a corporation; Gary
Hamilton; Susan Hamilton, Plaintiffs-Appellants,
v.
BLACKWELL LAND COMPANY, INC., a Delaware corporation;
Paramount Farming Co. L.P., a California Limited
Partnership; Paramount Orchards Holdings, Inc., a Delaware
corporation; Berrenda Mesa Water District, a California
State Water District, Defendants-Appellees.
 No. 93-16604.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided April 7, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review de novo the dismissal of plaintiffs' antitrust claims, Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), taking the factual allegations made by the plaintiffs as true. Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1504 (9th Cir.1994). We affirm.
 
 I. State Action Immunity
 
 3
 The Sherman Act does not apply to anticompetitive restraints imposed by the States "as an act of government." Parker v. Brown, 317 U.S. 341, 352 (1943). Although "Parker immunity does not apply directly to local governments," City of Columbia v. Omni Outdoor Advertising, Inc., 499 U.S. 365, 370 (1991), local governments may nonetheless qualify for Parker immunity where they are acting with state authority under a "clearly expressed state policy" to displace competition with regulation. Town of Hallie v. City of Eau Claire, 471 U.S. 34, 40 (1985). To qualify as "clearly articulated," the statute expressing state policy need not explicitly permit the displacement of competition. City of Columbia, 499 U.S. at 373. It is enough that the allegedly anticompetitive conduct "is the 'foreseeable result' of what the statute authorizes." Id. (quoting Town of Hallie, 471 U.S. at 42).
 
 
 4
 A. Plaintiffs contend that Parker's threshold requirement of a clearly articulated state policy replacing competition with regulation is not satisfied. In Kern-Tulare Water District v. City of Bakersfield, 828 F.2d 514 (9th Cir.1987), cert. denied, 486 U.S. 1015 (1988), we concluded that California had "a clearly articulated and affirmatively expressed state policy to displace competition with regulation in the area of municipal control over water and water rights, so long as the municipality does not engage in waste or unreasonable use." Id. at 519. Plaintiffs would have the court distinguish Kern-Tulare on the ground that the case involved a city's "sovereign activities" rather than "private parties controlling a water district to create for themselves a monopoly on inexpensive water supplies which can be resold at a profit." The proposed distinction is without substance.
 
 
 5
 Plaintiffs' allegations of wrongdoing by private parties to control the district do not change the nature of the actions taken (and not taken) by the district. The refusal to sell "excess" water and the imposition of standby charges and ad valorem taxes are actions explicitly contemplated by the California Water Code. See Cal. Water Code Secs. 31031, 31032.1, 35470, and 37200 et seq.; Kern-Tulare, 828 F.2d at 519 ("City's refusal to consent to the District's attempted transfer [was] contemplated by the legislature"). Plaintiffs' argument, focused on the anticompetitive motive of the district, is a reformulation of a proposed "conspiracy" exception already rejected by the Supreme Court. See City of Columbia, 499 U.S. at 379 ("we reaffirm our rejection of any interpretation of the Sherman Act that would allow plaintiffs to look behind the actions of state sovereigns to base their claims on perceived conspiracies to restrain trade") (quotation omitted). Application of the state action immunity does not turn on a factual examination of whether the water district acted "for private gain" or "in the public interest." City of Columbia, 499 U.S. at 378. Under the California Water Code the district's refusal to sell allegedly excess water, and the concomitant increase in standby charges, is a foreseeable result of the state's delegation of these powers to local water districts. See Kern-Tulare, 828 F.2d at 519-520.
 
 
 6
 B. Next, plaintiffs contend that the district court erred in concluding that the water district was not required to demonstrate active state supervision to qualify for Parker immunity. See California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc., 445 U.S. 97, 105 (1980) (in addition to policy being "clearly articulated," the policy must be "actively supervised by the State itself") (quotation omitted).
 
 
 7
 In Town of Hallie, the Supreme Court held that the active state supervision requirement "should not be imposed in cases in which the actor is a municipality." 471 U.S. at 46. Our decisions since Town of Hallie, have not required active state supervision of other limited purpose government entities similar to the water district. See Ambulance Service of Reno, Inc. v. Nevada Ambulance Services, Inc., 819 F.2d 910 (9th Cir.1987) (no active state supervision required for charitable corporation acting as instrument of municipality); Grason Elec. Co. v. Sacramento Mun. Util. Dist., 770 F.2d 833 (9th Cir.1985) (no active state supervision required for utility district created by municipality), cert. denied, 474 U.S. 1103 (1986).
 
 
 8
 Plaintiffs contend that the conclusion was erroneously based on a factual finding in conflict with the allegations of the complaint. Although we must accept plaintiffs' factual allegations, we need not "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir.1994). Plaintiffs contend that the district court disregarded their allegations that the district was acting as a "commercial actor" furthering "anticompetitive practices rather than legitimate government" and its decisions "were extraneous to the proper exercise of its powers as a public entity."
 
 
 9
 The allegations of illegitimate motive are not relevant to the application of Parker immunity. See City of Columbia, 499 U.S. at 377-79. Having acknowledged that the district is a "public entity" their argument that the district has improperly abandoned the public interest is not a basis to impose the active state supervision requirement.
 
 
 10
 C. Finally, plaintiffs contend that because the district was acting as a "commercial participant" in an antitrust conspiracy with Blackwell, Paramount and other unnamed coconspirators, it is not entitled to Parker immunity.
 
 
 11
 In City of Columbia, the Supreme Court referenced a "possible market participant exception" without deciding there was one. 499 U.S. at 379. Likewise, the Eleventh Circuit's decision in Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931 (Fed.Cir.1993), cert. denied, 114 S.Ct. 1126 (1994), did "not decide whether the [University of California's] licensing activities establish a market participant exception to State Action immunity." Id. at 949. While a commercial participant exception to Parker might be appropriate in circumstances where an arm of the state enters a market in competition with private actors, see, e.g., Union Pac. R.R. v. United States, 313 U.S. 450 (1941), such is not the case here. Plaintiffs contend that the district acted as a commercial participant in its "decisions regarding the purchase, sale, price, marketing, distribution and allocation of water." Plaintiffs are not in competition with the district, rather they feel the economic effect of the district's decisions concerning the refusal to sell allegedly excess water to other districts. These effects are a direct result of decisions explicitly delegated to water districts by the state pursuant to a scheme of water regulation. See Kern-Tulare, 828 F.2d at 520.
 
 
 12
 II. Noerr-Pennington Immunity for Blackwell and Paramount
 
 
 13
 As a corollary to Parker, the Noerr-Pennington[1] doctrine exempts from federal antitrust laws "conduct of private individuals in seeking anticompetitive action from the government." City of Columbia, 499 U.S. at 379-80.
 
 
 14
 Plaintiffs rely primarily on Allied Tube & Conduit Corp. v. Indian Head, Inc., 486 U.S. 492, 502 (1988) for the proposition that Blackwell's and Paramount's efforts do not qualify for Noerr-Pennington immunity because "the lobbied government official is [not] politically independent and financially disinterested."
 
 
 15
 Plaintiffs' reliance on Allied Tube is misplaced. Plaintiffs allege harm that stemmed directly from decisions of the water district not to sell water and to impose standby charges. Unlike the plaintiffs in Allied Tube, plaintiffs have not alleged "that [they] sustained injuries from anything other than the actions of municipal authorities." Sessions Tank Liners, Inc. v. Joor Mfg., Inc., 17 F.3d 295, 299 (9th Cir.), cert. denied, 115 S.Ct. 66 (1994). If accepted, plaintiffs' theory would require the district court to investigate the considerations motivating the water district's decision not to sell excess water. Such "deconstructing" of the water district's decision making process would "run[ ] afoul of the principles guiding the Parker and Noerr decisions." Id. at 300.
 
 
 16
 Plaintiffs' allegations do make out a case that the defendant landowners acted in their own self interest in bringing about water district decisions favorable to them and detrimental to the plaintiffs. However, it is beyond the scope of the antitrust laws "to identify and invalidate lobbying that has produced selfishly motivated agreement with public officials." City of Columbia, 499 U.S. at 383.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965)